## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**WEST STONE WORKS CO., INC.**
**d/b/a WEST MEMORIALS,**

    **Plaintiff,**

**v.**                                          **No. 2:21-cv-2103-TLP-tmp**
                                               **JURY DEMAND**

**WILSON'S FUNERAL HOME, and**
**BENJI R. MITCHELL,**

    **Defendants.**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

Plaintiff West Stone Works Co., Inc. d/b/a West Memorials ("Plaintiff" or "West Memorials"), by and through undersigned counsel and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, respectfully submits this Memorandum of Law in support of its Motion for Default Judgment.

### FACTUAL BACKGROUND

West Memorials is in the business of designing and selling memorials, including monuments, headstones, statues, and civic and war memorials. (Compl. ¶ 8, ECF No. 1). All of West Memorials' designs are custom. (*Id.*) One of West Memorial's designs is known as the "Cooper Lambert Fish Monument," which is registered with the United States Copyright Office, with a registration number of VAU 1-368-014. A copy of that Registration was attached to Plaintiff's Complaint. (ECF No. 1-1).

Defendant Benji R. Mitchell is the owner/operator of Defendant Wilson's Funeral Home, located in Wellsville, KS. (Compl. ¶¶ 2, 9, 10). On or about January 18, 2017, Ms. Mitchell contacted West Memorials about assisting with a memorial for a family in Kansas whose young son had passed away. (*Id.* ¶ 11; *see* Decl. of Paul West, attached hereto as **Exhibit A**). Due to the boy's interest in fishing, Ms. Mitchell asked Mr. West—who is a principal of West Memorials— about a memorial displayed on the website of West Memorials—the "Cooper Lambert Fish Monument." (Compl. ¶ 11, ECF No. 1). Ms. Mitchell requested that West Memorials customize the memorial for the Kansas family and sell it wholesale to Wilson's Funeral Home. (*Id.* at ¶ 13). West Memorials agreed, and its artists and designers worked to fulfill the request. (*Id.* at ¶ 14). On January 27, 2017, Missy West, also a principal of West Memorials, sent to Ms. Mitchell an email containing the drawings for the memorial and pricing information. (*Id.* at ¶ 15; ECF No. 1-2).[1] Ms. Mitchell then ceased communication with Plaintiff and Mr. West. (*Id.* at ¶ 16).

In late 2020, Mr. West performed a search on www.findagrave.com, a website which catalogs and displays gravesites around the country, to see what type of memorial, if any, the family ultimately decided upon. (*Id.* at ¶ 17). Mr. West discovered the photograph attached as Exhibit C to the Complaint. (*Id.* at ¶ 18; see ECF No. 1-4). The memorial produced by Defendants was an exact copy of the design obtained by Defendant Mitchell from West Memorials. (Compl. ¶ 19, ECF No. 1; *compare* ECF No. 1-3, *with* ECF No. 1-4). Defendants Mitchell and Wilson's Funeral Home intentionally procured a design from West Memorials to steal the copyrighted design of West Memorials and sell a memorial based on what appears to be an exact copy of the design, which was the derivative work of a registered design. (Compl. ¶¶ 11-24, ECF No. 1).

---

[1] This email was returned due to a typographical error in the recipient line and was sent again by Mr. West on January 31, 2017. (*See* Ex. A, Decl. of Paul West ¶ 10).

On February 18, 2021, West Memorials filed an action against Defendants, alleging a claim for copyright infringement under 17 U.S.C. § 501. (Compl., ECF No. 1). Plaintiff served a copy of the Complaint and a Summons by personal service on both Defendants by private process server on March 9, 2021. (*See* ECF Nos. 9, 10; Declaration of Sarah Elizabeth Stuart, attached here as **Exhibit B**). The Clerk of Court entered a default against Defendants on April 9, 2021. (ECF Nos. 13, 14). To date, Defendants have failed to appear or respond in this action.

## LEGAL STANDARD

Rule 55(b) of the Federal Rules of Civil Procedure governs the process for the entry of default judgments by federal courts. "Once the Court Clerk has entered a default, all well-pled allegations are deemed admitted, except those concerning damages." *Hames v. SunTrust Bank*, 2019 WL 4248892, at *2 (W.D. Tenn. Sept. 6, 2019) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)). As to damages, the role of the district court is to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)).

It is the obligation of a Plaintiff seeking default judgment to: (1) properly serve the defendant with process; (2) demonstrate that the defendant failed to properly respond; (3) submit an affidavit stating that the defendant is neither an infant nor an incompetent person; and (4) submit an affidavit stating whether the defendant is in military service. *Id.* (citing *Broad. Music, Inc. v. Marler*, 2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009)). Plaintiff has satisfied these requirements, as demonstrated in **Exhibit B.**

Once a party has satisfied the requirements that they are entitled to an entry of judgment by default, a sworn, uncontested affidavit may serve as sufficient evidence of damages for a default judgment. *Id.* (citing *Dirs. Of Ohio Conference of Plasterers & Cement Masons Combined Funds,*

*Inc. v. Indus. Contracting Co.*, 2017 WL 6028247, at *2 (N.D. Ohio Dec. 4, 2017)); *see also Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 815 (E.D. Tenn. 2006) (citing Fed. R. Civ. P. 55(b)(2) and *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)).

## **LAW AND ARGUMENT**

A. *The Court should Grant the Entry of a Default Judgment Against Defendants for Copyright Infringement*

A default was entered against Defendants pursuant to Rule 55(a) on April 19, 2021.  (*See* ECF Nos. 13, 14).  As explained above, once the Court Clerk has entered a default, "all well-plead allegations are deemed admitted."  *Hames*, 2019 WL 4248892, at *2.  Here, West Memorials has sufficiently pleaded all of the elements of its claim, namely, copyright infringement.  (*See* Compl., ECF No. 1 at ¶¶ 22-27).  The entry of default judgment against Defendants is accordingly warranted.

To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original."  *Kinman v. Burnop*, 2020 WL 707583, at *3 (M.D. Tenn. Feb. 12, 2020) (quoting *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th. Cir. 2007)).  The first prong is presumptively established by the copyright registration.  *Id.* (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004)).  As to the second prong, the Plaintiff must establish that copying occurred and that "the portions of the work copied were entitled to copyright protection (a legal matter)."  *Id.* (quoting *Lexmark, Int'l, Inc.*, 387 F.3d at 534).  When two or more parties contribute to the infringement on a copyright, they are jointly and severally liable.  *Corbis Corp. v. Starr*, 2009 WL 290308, at *4 (N.D. Ohio Sept. 2, 2009) (citations omitted).

Plaintiff has attached the Copyright Registration for the "Cooper Lambert Fish Monument," and, absent a rebuttal by Defendants, it is presumptively established that Plaintiff

4

possesses a valid copyright in the work. (*See* ECF No. 1-1); *e.g. Burnop*, 2020 WL 707583, at *3. Plaintiff has further alleged that it designed and created a work based on that Monument for Defendants and that Defendants wrongfully took that design and intentionally stole Plaintiff's copyrighted design to sell a memorial based on an "exact copy" of that design, in order to retain all profits. (Compl. ¶¶ 11-19). As noted herein, Defendants have not appeared or done anything to assert or rebut any of these allegations. As stated in the Declaration of Paul West, a principal of West Memorials (attached as **Exhibit A** to this memorandum), Defendants have violated West Memorials' exclusive rights in the copyrighted design by wrongfully producing an exact copy of their copyrighted material. (*See* **Exhibit A**, Decl. of Paul West). Wilson's Funeral Home, through Defendant Mitchell, falsely represented to West Memorials that it would purchase the Memorial through them and that West Memorials would sell its design. Defendants' actions have caused injury to Plaintiff based on their willful actions. Both Defendants contributed to this infringement—Ms. Mitchell by intentionally procuring the protected design from the Wests to copy it (Compl. ¶¶ 11, 13-15, ECF No. 1); and Defendant Wilson's Funeral Home by producing a copy of the design (Compl. ¶¶ 9, 19).

West Memorials owns the registered copyright for the Cooper Lambert Fish Monument. Defendants' infringement and use of West Memorials' copyright by manufacturing and distributing the memorial was willful, and West Memorials suffered damages as a result of that use, including lost profits. (*Id.* ¶¶ 22-27). Consequently, Plaintiff respectfully requests that the Court find that Plaintiff has established Defendants' joint and several liability on the copyright infringement claims based on the written record and in light of Defendants' failure to appear or defend itself in this action. *See, e.g. Burnop*, 2020 WL 707583, at *4-5.

*B. West Memorials is Entitled to Statutory Damages as a Result of Defendants' Infringement*

West Memorials has suffered damages as a result of Defendants' infringement. With regard to damages, Plaintiff seeks an award of a judgment determining that Defendants have infringed upon Plaintiff's rights in its federally registered copyright. Plaintiff's complaint alleges that Defendants' infringement was willful and intentional. Despite receiving a demand letter, service of this lawsuit, and notice of Plaintiff's filing of the Motions for Entry of Default, Defendants have made no effort to contact undersigned counsel or make an appearance in this action. Consequently, Plaintiff has met the requirements for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See Farmer*, 427 F. Supp.2d at 814.

As to the amount of damages sought—a total of $150,000—the declaration from Paul West, a principal at West Memorials explains the basis for the damages asserted by West Memorials. District courts have wide discretion in setting statutory damages under the Copyright Act of 1976. *Farmer*, 427 F. Supp. 2d at 815-16. A plaintiff may elect to recover actual damages suffered and any profits made by infringers, or statutory damages. *Id.* Pursuant to 17 U.S.C. § 504(c)(2), a copyright owner:

> (1) may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
> (2) In a case where the copyright owner sustains he burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

In this case, taking the allegations in the Complaint as proven, Defendants intentionally sought, and received, a design that was sought as a customization of a registered copyright in the Cooper Lambert Fish Monument.

6

"Where a defendant has defaulted, willful copyright infringement is proven." *Burnop*, 2020 WL 707583, at *5. In considering the amount of statutory damages, courts consider factors including "the expenses saved and profits reaped by defendants in connection with the infringement, the revenues lost by the plaintiffs as a result of defendants' conduct, and the infringers' state of mind whether willful, knowing, or merely innocent." *Farmer*, 427 F. Supp. 2d at 816 (quoting *Cross Keys Pub. Co., Inc. v. Wee, Inc.*, 921 F. Supp. 479, 481 (W.D. Mich. 1995)). There is no innocence here—Defendants' acts were plainly brazen and intentional. The design sought and sent, along with a quoted discounted wholesale price of $7,176.80, contained a copyright mark on the design. (See ECF No. 1-2 at PageID 10). The monument created, and sold, by Defendants, was an exact copy of the design sent by West Memorials. (*Compare* ECF No. 1-2 at PageID 10, *with* ECF No. 1-3). Defendants' failure to appear or respond in this action is sufficient evidence to prove willfulness. *See, e.g.*, *Burnop*, 2020 WL 707583, at *4-5 (awarding $150,000 in damages per infringed work in statutory damages).

As indicated in the Declaration of Paul West, attached hereto, West Memorials suffers greatly from regular instances of infringement. Statutory damages that are merely the "amount of the profits from a copyright infringement . . . do little to discourage infringers." *Farmer*, 427 F. Supp. 2d at 816 (citing *Wee, Inc.*, 921 F. Supp. at 481). The undisputed evidence supports that Defendants did willfully infringe on Plaintiff's copyright in the "Cooper Lambert Fish Monument." The West Declaration well-supports a statutory damages award of $150,000 in this matter, which reflects a value inclusive of an estimate of the expenses saved and profits reaped by Defendants in connection with the infringement, revenue lost by Plaintiff, and an amount that is an "effective sanction for enforcement of the copyright policy." *See id.* at 816-17. An award of $150,000 for willful infringement is supported here. *See, e.g. Burnop*, 2020 WL 707583, at *5

(noting that the written record supported that the infringement was willful and considering the "deterrent effect on the infringer and third parties" in awarding $150,000 in statutory damages per infringed work).

 C. *West Memorials is Entitled to a Judgment that includes Attorney's Fees and Costs*

In addition to the statutory award, West Memorials seeks its attorneys' fees and costs pursuant to the Copyright Act. *See Bridgeport Music, Inc.*¸410 F.3d at 807 (citing 17 U.S.C. § 505). In determining whether costs or fees are warranted, the Court may consider: "(1) whether a complex or novel issue justified the litigation of the case, (2) whether the defendant made an attempt to avoid the infringement, and (3) whether the infringement was innocent." *Burnop*, 2020 WL 707583, at *5 (quoting *Farmer*, 427 F. Supp. 2d at 817). Fees are appropriate here because, although the posture of the case did not require any consideration of complex or novel issues, Defendants have willfully infringed upon Plaintiff's copyright. *See Burnop*, 2020 WL 707583, at *5-6 (court indicating attorneys' fees are appropriate and requests a submission of a motion regarding the same); *Farmer*, 427 F. Supp. 2d at 818 (awarding reasonable attorneys' fees).

Attached to this Memorandum as **Exhibit B** is the Declaration of Sarah Elizabeth Stuart. Plaintiff submits that the hourly rates and hours billed, as set forth in that Declaration, are reasonable and that the costs and expenses sought are reasonable. Pursuant to 17 U.S.C. § 505, Plaintiff respectfully requests an award of attorney's fees and costs in the amount of $2,271.90.

 D. *A Default Judgment is Warranted and May be Granted Without a Hearing.*

Although West Memorials is prepared to offer testimony at a damages hearing should the Court require one, West Memorials respectfully submits that such a hearing is not strictly required in this case. *See, e.g. Empire Petroleum Partners, LLC v. Anas Bros. Oil, LLC*, 2013 WL 121249, at *2 (W.D. Tenn. Jan. 8, 2013) ("A district court may rely on affidavits to establish the amount

of damages appropriate for a default judgment . . . when the sum of damages is not capable of being made certain by competition."). The Court can enter judgment against Defendant without a hearing if the damages requested by Plaintiff are capable of computation from the factual record. *See* Fed. R. Civ. P. 55(b)(2). Although it is preferable for disputes to be resolved on the merits, the Defendants' failure to answer the complaint, or make any appearance in the action, makes such a determination impossible. *Farmer*, 427 F. Supp. 2d at 814.

Finally, there are no other impediments to the entry of a default judgment in this case. As explained above, a default was entered against both Defendants pursuant to Rule 55(a) on April 19, 2021. (ECF Nos. 13, 14). The declaration from Sarah E. Stuart (attached as **Exhibit B** to this memorandum) states that the Defendants are not minors or incompetent persons. (*cf.* Fed. R. Civ. P. 55(b)(2)).

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that the Court enter a default judgment against Defendants in the amount of $150,000, plus costs and fees of $2,271.90, for a total of $152,271.90.

Respectfully submitted,

**BURCH, PORTER & JOHNSON, PLLC**

/s/ Sarah Elizabeth Stuart
Taylor A. Cates (BPR No. 20006)
Sarah Elizabeth Stuart (BPR No. 35329)
130 N. Court Avenue
Memphis, TN  38103
Phone:      (901) 524-5165
Fax:         (901) 524-5024
Email:      tacates@bpjlaw.com
              sstuart@bpjlaw.com

*Attorneys for Plaintiff*

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on May13, 2021, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Western District of Tennessee. The undersigned also certifies that, on May 13, 2021, a true and correct copy of the foregoing, along with the exhibits filed herewith, was sent via U.S. Mail, postage prepaid, to Defendants at the following address:

Wilson's Funeral Home
c/o Benji R. Mitchell
607 Main Street
Wellsville, KS 66092

Benji R. Mitchell
607 Main Street
Wellsville, KS 66092

/s/ Sarah Elizabeth Stuart