# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WEST STONE WORKS CO., INC.
d/b/a WEST MEMORIALS,

    Plaintiff,

v.

WILSON'S FUNERAL HOME, and
BENJI R. MITCHELL,

    Defendants.

No. 2:21-cv-2103-TLP-tmp
JURY DEMAND

---

### DECLARATION OF PAUL WEST

I, Paul West, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over the age of 18 years old and I am competent to make this Declaration.

2. The contents of this Declaration are based upon my personal knowledge.

3. I am a principal of West Stone Works Co., Inc., d/b/a West Memorials ("West Memorials").

4. West Memorials designs custom designs tailored to customers for memorials, including monuments, headstones, statues, and civic and war memorials.

5. On or about January 18, 2017, Benji Mitchell, who I understood to be a principal/owner of Wilson's Funeral Home, contacted me regarding assistance for a memorial for a family in Kansas whose young son had passed away. Ms. Mitchell expressed interest in a memorial displayed on West Memorial's website—the Cooper Lambert Fish Monument.

6. West Memorials holds a valid registered copyright in the Cooper Lambert Fish Monument, and a copyright symbol is reflected on each memorial displayed on West Memorials' website.

7. West Memorials agreed to customize that memorial for the family in Kansas and sell the design at a wholesale price to Ms. Mitchell, on behalf of Wilson's Funeral Home, for resale to the family.

8. West Memorials then engaged in design work and expended resources to customize a design for the young boy in Kansas to present for wholesale to Wilson's Funeral Home.

9. On January 27, 2017, West Memorials sent an email to Ms. Mitchell containing the custom drawings for the memorial as well as pricing information. The exchange and attachments attached to the Complaint as Exhibit B is a true and accurate copy of that exchange.

10. After realizing there was a typographical error in the email address on the January 27, 2017 email, I sent a copy of the same email to the correct email address for Benji Mitchell on January 31, 2017.

11. The true price quoted to Defendants was $8,971, and West Memorials offered it to Defendants for a discounted wholesale price of $7,176.80. West Memorials indicated that the Parties would need to enter into a contract to proceed.

12. No further correspondence was received from Ms. Mitchell or Wilson's Funeral Home.

13. At no time did I, or any other representative of West Memorials, give consent to Ms. Mitchell and/or Wilson's Funeral Home to use the design.

14. As a matter of course, West Memorials includes the copyright symbol © with all designs, to place prospective clients and/or wholesale purchasers on notice that West Memorials' designs are protected under U.S. Copyright law. The design sent to Ms. Mitchell reflected that symbol.

15. West Memorials suffers, and continues to suffer, from individuals and businesses that procure a design from West Memorials with no intent to provide any compensation for the use of the designs of West Memorials.

16. The custom memorial industry is ripe with infringement of protected works, and West Memorials has suffered ongoing lost profits and business opportunity from infringement, such as the infringement by Defendants in this action.

17. Due to the regular and ongoing infringement suffered by West Memorials, as a matter of business practice, I will from time-to-time follow up on the status of memorials in instances, such as here, where a client and/or wholesaler ceased communication after receiving a custom protected design.

18. In late 2020, I performed a search on www.findagrave.com, a website which catalogs and displays gravesites around the country, to see what type of memorial, if any, the family for which Ms. Mitchell contacted West Memorials decided upon.

18. In conducting that search, I found the photograph attached as Exhibit C to the Complaint, which is a true and accurate copy of the image I procured through that search.

19. From my visual review, the memorial was an exact copy of the design that Ms. Mitchell procured from West Memorials for Wilson's Funeral Home.

20. At no time since the time West Memorials sent Ms. Mitchell the design has Ms. Mitchell or Wilson's Funeral Home provided any compensation to West Memorials for the use of the protected design.

21. The design made for this memorial was based on the Cooper Lambert Fish Monument, a registered work.

22. On or about December 11, 2020, I called and spoke to Ms. Mitchell about the design and infringement and followed up with an email, to which I received no response.

23. The rampant and widespread infringement of West Memorials' designs is an ongoing harm to our business.

24. Based on the willful and brazen nature of the infringement here and to deter future infringement on West Memorials' designs, West Memorials submits a damages award in the amount of the maximum statutory damages for a registered work is proper, or $150,000, in addition to attorney's fees and costs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: MAY 10, 2021

_____
Paul West