\s fIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WEST STONE WORKS CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02103-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| WILSON'S FUNERAL HOME and BENJI ) | |
| R MITCHELL, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff West Stone Works Co., Inc. moves for default judgment against Defendants Wilson's Funeral Home and Benji Mitchell. (ECF No. 15.) For the reasons below, the Court **GRANTS** the motion.

**BACKGROUND**

Plaintiff is a business that designs and sells custom memorials, monuments, and headstones. (ECF No. 1.) One of Plaintiff's custom designs is the "Cooper Lambert Fish Monument," which Plaintiff registered with the United States Copyright Office in 2018, under the registration number VAu 1-368-014. (*Id.*) Plaintiff included a copy of that registration as an exhibit to its complaint (ECF No. 1-1.)

Defendant Mitchell is the owner and operator of Defendant Wilson's Funeral Home in Wellsville, Kansas. (ECF No. 1.) Around January 18, 2017, Plaintiff contends that Defendant Mitchell contacted Paul West, one of Plaintiff's principals, about buying a headstone for a

family whose son had recently died. (ECF No. 16.) Defendant allegedly asked Plaintiff to design a custom memorial and sell it to Defendant wholesale. (*Id*.)

Plaintiff contends that Defendant requested the "Cooper Lambert Fish Monument," specifically because of the deceased's interest in fishing. (*Id*.) Plaintiff agreed and its artists and designers fulfilled the request with a preliminary design. (*Id*; ECF No. 1-2.) And Plaintiff claims that Missy West, also one of Plaintiff's principals, sent to Defendant an email containing the preliminary memorial design and pricing information. (ECF Nos. 16 & 1-2.) According to Plaintiff, Defendants never responded to the email and ceased all communication. (ECF No. 16.)

Plaintiff claims that in late 2020, Paul West searched www.findagrave.com, an online database that displays various gravesites around America, to see which design the family used. (*Id*.) Plaintiff contends that the final memorial in the photograph (ECF No. 1-3) is an exact copy of the preliminary design that Plaintiff sent to Defendants. (ECF Nos. 1-2 & 16-1.) Plaintiff asserts that Defendants intentionally used Plaintiff's copyrighted design and sold a memorial based on that design. (ECF Nos. 1 & 16.)

Plaintiff then sued Defendants for copyright infringement under 17 U.S.C. § 501. (ECF No. 1.) Plaintiff served a copy of the complaint to both Defendants by private process server on March 9, 2021. (ECF Nos. 9 &10.) And under the Federal Rules of Civil Procedure, Defendants had twenty-one (21) days to answer Plaintiff's complaint. Fed. R. Civ. P. 12 (a)(1)(A)(i).

But despite being served, Defendants failed to answer or defend against Plaintiff's claims. Based on that, Plaintiff moved the Clerk of Court to enter default under Federal Rule of Civil Procedure 55(a). (ECF Nos. 11 & 12.) And the Clerk entered a default against

Defendants on April 9, 2021, for Defendants' failure to appear or respond to this action. (ECF Nos. 13 & 14.)

Plaintiff now moves the Court to enter default judgment against Defendants. (ECF No. 15.) For the reasons below, the Court **GRANTS** Plaintiff's motion.

## LEGAL STANDARD

Fed. R. Civ. P. 55(b) governs default judgments. That rule says that, when a claim is for an uncertain sum, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). And once the Clerk has entered a default against a defendant, the Court can accept as true the well-pleaded allegations in the complaint except for those that relate to the amount of damages. *Joe Hand Promotions, Inc. v. Fazio*, No. 5:11-CV-1955, 2012 WL 1036134, at *2 (N.D. Ohio Jan. 31, 2012) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *see* Fed. R. Civ. P. 8(b)(6). Even so, the Court "still must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to the cause of action for which the plaintiff seeks default judgment." *Joe Hand Promotions, Inc.*, 2012 WL 1036134, at *2.

And the Court has to ensure that Plaintiff has: (1) properly served the defendant with process; (2) showed that the defendant failed to respond properly; (3) submitted an affidavit stating that the defendant is neither an infant nor an incompetent person; and (4) submitted an affidavit stating whether the defendant is in military service. *Broad. Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009). Plaintiff has satisfied these requirements, as seen in the Declaration of Plaintiff's Counsel Sarah Stuart. (ECF No. 16-2.)

To support its motion for default judgment, Plaintiff has provided these materials: (1) an affidavit of Paul West, principal of West Stone Works Co., Inc. (ECF No. 16-1); (2) the

Certificate of Copyright Registration for the "Cooper Lambert Fish Monument" design (ECF No. 1-1);  (3) emails between Defendants and Plaintiff about Plaintiff's design of a custom memorial and the proposed design that Plaintiff sent to Defendants (ECF No. 1-2);  (4) the final design of the family's memorial that Plaintiff found on findagrave.com (ECF No. 1-3);  (5) a letter from Plaintiff's lawyers to Defendants informing them about Plaintiff's copyright infringement claims (ECF No. 1-4); and (6) an affidavit of Sarah E. Stuart, counsel for Plaintiff, explaining that Plaintiff properly served Defendants.  (ECF No. 16-2.)

For the reasons below, the Court **GRANTS** Plaintiff's motion for default judgment.

## ANALYSIS

### I. Elements of Copyright Infringement

For starters, the Court Clerk entered default against Defendants under Rule 55(a) on April 9, 2021.  (*See* ECF Nos. 13 & 14.)  As explained above, once the Clerk has entered a default, "all well-plead allegations are deemed admitted."  *Hames v. SunTrust Bank*, No. 2:18-cv-02121-SHM-cgc, 2019 WL 4248892, at *2 (W.D. Tenn. Sept. 6, 2019).  Plaintiff here has sufficiently pleaded all the elements of copyright infringement as detailed below.  (*See* ECF No. 1 at ¶¶ 22–27.)  So the Court should consider Plaintiff's allegations as admitted and enter default judgment in its favor.

To explain, direct copyright infringement occurs when a party "violates any of the exclusive rights of the copyright owner," including directly reproducing a copyrighted work and creating a derivate work based on it without the owner's permission.  17 U.S.C. § 501(a); 17 U.S.C. § 106(1)–(2).  Plaintiff in a copyright infringement action has to show two elements: "(1) ownership of a valid copyright; and (2) copying constituent elements of a work that are original."  *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (citing

*Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004)).  When two or more parties contribute to the infringement on a copyright, they are jointly and severally liable.  *Corbis Corp. v. Starr*, No. 3:07CV3741, 2009 WL 2901308, at *4 (N.D. Ohio Sept. 2, 2009).  So if Plaintiff satisfies the needed elements of the copyright infringement claim, Defendants Mitchell and Wilson's Funeral Home will be jointly and severally liable.

### A. Ownership of a Valid Copyright

Plaintiffs can presumably fulfill the first element with evidence of copyright registration. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004).  Plaintiff here showed the first element of the copyright infringement test, because it provided its copyright registration for the "Cooper Lambert Fish Monument" that the Copyright Office approved in 2019.  (ECF No. 1-1.)  The registration states that Plaintiff created the work in 2008.  (*Id.*)  That Plaintiff registered the work after its creation is of no consequence, because "[a]n author gains 'exclusive rights' in her work immediately upon the work's creation, including rights of reproduction, distribution, and display."  *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019); 17 U.S.C. § 106.  And registration is simply a step a plaintiff must take before suing for infringement.  *Fourth Estate Pub. Benefit Corp.*, 139 S. Ct. at 887.   And so Plaintiff provided proof here of copyright registration and sufficiently alleged that it has a valid copyright over the "Cooper Lambert Fish Monument" design.

### B. Copying Elements of a Work That Are Original

Plaintiff has also alleged enough to show the second element of copyright infringement. Plaintiff claims that (1) Defendants intentionally copied material (a matter of fact), and (2) Plaintiff had copyright protection over that material (a matter of law).  *See Lexmark,* 387 F.3d at

534. By comparing Plaintiff's proposed memorial design and the photograph of the memorial that Defendants allegedly sold to the family, Plaintiff successfully claims that Defendants copied Plaintiff's design.  (*compare* ECF No. 1-2 at PageID 10 *with* ECF No. 1-3.)

And because Defendants allegedly stopped communicating with Plaintiff without paying for the memorial or its design, Plaintiff argues that Defendants intentionally copied the work. (ECF Nos. 1 & 16.)  Plaintiff also asserts that the proposed design included a copyright mark. (*Id.*; *see* ECF No. 1-2.)  And the mark shows that Defendants knew that the design had copyright protection when they used it.  (*See id.*)

Plus Defendant has not countered any of these claims.  (*See* ECF No. 16-2.)  So accepting the above allegations as true, the Court finds that Defendants committed willful copyright infringement by producing a copy of Plaintiff's copyrighted design without compensating it for the value of the design.  The Court also finds that Defendants are jointly and severally liable for the copyright infringement and that Plaintiff has successfully alleged it is entitled to damages.

In sum, the Court finds that Plaintiff has successfully proved a claim for copyright infringement because its uncontroverted claims satisfy the statutory elements.  And, as a result, the Court **GRANTS** Plaintiff's motion for default judgment.

## II.     Damages

Plaintiff now asks the Court to enter default judgment against Defendants for $150,000 plus costs and fees of $2,271.90.  (ECF No. 16.)  Plaintiff bases its claim for damages on 17 U.S.C. § 504(c)(2), which allows the Court to impose statutory damages *up to* $150,000 for willful copyright infringement.

But "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."

*Vesligaj v. Peterson*, 331 Fed. Appx. 351, 355 (6th Cir. 2009).  Instead, the Court has to "conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty."  *Id.*  And Federal Rule of Civil Procedure 55(b)(2) allows a district court to conduct a hearing to determine the amount of damages.  So here, the Court will hold a hearing to determine the appropriate amount of damages.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for default judgment.  (*See* ECF No. 15.)  But before entering judgment, the Court will set a hearing to determine the amount of damages to which Plaintiff is entitled.

**SO ORDERED**, this 7th day of June, 2021.

                                             s/Thomas L. Parker
                                             THOMAS L. PARKER
                                             UNITED STATES DISTRICT JUDGE