IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WEST STONE WORKS CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02103-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| WILSON'S FUNERAL HOME and BENJI ) | |
| R MITCHELL, ) | |
| ) | |
| Defendants. ) | |

**ORDER AWARDING STATUTORY DAMAGES
AND ATTORNEYS' FEES AND COSTS**

Plaintiff West Stone Works Co., Inc. sued Defendants Wilson's Funeral Home and Benji Mitchell for copyright infringement. (ECF No. 1.) Defendants never appeared or answered. And so, Plaintiff moved for default judgment (ECF No. 15), which this Court granted. (ECF No. 19.) The Court then held a hearing to fix the appropriate award of damages and attorneys' fees. (ECF No. 20.) Having heard Plaintiff's arguments and for the reasons below, the Court awards $30,000 in statutory damages and $2,870.91, in attorneys' fees and costs.

**BACKGROUND**

Plaintiff West Stone Works is a Memphis company that makes headstones and memorials. (ECF No. 1.) Plaintiff sued Defendants Wilson's Funeral Home and Benji Mitchell for copyright infringement of its Cooper Lambert Fish Monument. (*Id.*)

Paul West, the owner of West Memorials, testified at the damages hearing. (*See* ECF No. 20.) He explained that West Memorials employs three graphic designers and that each memorial the company produces is a unique, custom work. West explained that within his industry,

copyright infringement has become a problem.  In fact, he has identified over 100 times when infringers have stolen West Stone Works' designs, even though West registers the designs for copyright protection.

West testified that Benji Mitchell, acting for Wilson's Funeral Home, contacted West Memorials to design a fish headstone for a family that had just lost their young son.  Ms. Mitchell sent a photograph of the boy, an inspirational quote, and a copy of the boy's signature and asked that Plaintiff include these on the headstone design.  Plaintiff then customized its Cooper Lambert Fish Monument design to include the items Ms. Mitchell requested and emailed a picture of the customized design to Ms. Mitchell.  The email stated that the retail price of the headstone would be $8,971.00, but that West could sell the memorial for a reduced price of $7,176.80.  (ECF No. 1-2.)  Ms. Mitchell never responded.

Later, West searched on findagrave.com for the boy's headstone and discovered that the bereaved family marked his grave with a headstone identical to the customized Cooper Lambert Fish Monument design Plaintiff produced for Ms. Mitchell.  The actual headstone included the boy's picture, the same quote, and his signature etched into the stone.  What is more, West testified that he later saw a copy of its Cooper Lambert Fish Monument design that an anonymous contestant entered in a monument design contest sponsored by the Monument Builders of North America.  He had no way of verifying who was responsible for sending the fish design to the Monument Builders of North America, but he used this as an example of the rampant infringement in the monument industry and against his design work in particular.  West also submitted a catalog from a monument company, Panda Granite, that offered for sale a monument that looked identical to Plaintiff's Cooper Lambert Fish Monument design.

And Defendants never appeared to contest any of the allegations against them.

## **DAMAGES UNDER THE COPYRIGHT ACT**

Plaintiff requests $150,000 in statutory damages under the Copyright Act. (ECF No. 16 at PageID 50.) Under the Act, a plaintiff may elect to recover actual damages plus any profit the infringers make—or a plaintiff may seek statutory damages, instead. 17 U.S.C. § 504. For statutory damages, a plaintiff may recover not less than $750 or more than $30,000 for each instance of infringement. *Id.* But when the defendant commits the infringement willfully, the Court may in its discretion increase the award up to $150,000. *Id.* Plaintiff here claims that Defendants infringed willfully, and so the Court should award Plaintiff the maximum amount. (ECF No. 16 at PageID 50.)

But to be clear, the Court has wide discretion to determine the amount of statutory damages. *Disney Enter's v. Farmer*, 427 F. Supp. 2d 807, 816 (E.D. Tenn. 2006); *see* 17 U.S.C. § 504(c)(2). And factors that Courts consider in awarding statutory damages include "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind whether willful, knowing, or merely innocent." *Id.* The Court may also consider "the goal of discouraging wrongful conduct." *Id.*

In awarding statutory damages after default judgment, courts have varied widely in their awards. For example, in *Farmer*, the court awarded $6,000 in statutory damages. 427 F. Supp. 2d at 820. But in *Kinman v. Burnop*, the court awarded the maximum penalty of $150,000, explaining that the plaintiff had offered evidence that the defendant willfully infringed and that the maximum penalty would act as a deterrent. No. 3:18-cv-00809, 2020 WL 707583, at * 5 (M.D. Tenn. Feb. 12, 2020). These cases again show the wide discretion that district courts have in determining the appropriate amount of statutory damages.

The Court will now consider the factors here and determine an appropriate statutory damages award.

## ANALYSIS

For starters, Defendants failed to answer or defend themselves. So Plaintiff was unable to conduct discovery, and there is no way to know what profits and savings Defendants reaped. There is also no way of knowing whether Defendants shared the design with anyone else. And because Plaintiff obtained a default judgment here, Plaintiff has met its burden of showing that Defendants willfully infringed Plaintiff's work. *See Burnop*, 2020 WL 707583, at *5 ("Where a defendant has defaulted, willful copyright infringement is proven.") What is more, based on Paul West's testimony about the widespread infringement in his industry, the goal of discouraging wrongful conduct here seems worthwhile. The Court therefore finds that awarding statutory damages here has deterrent value.

The price for the headstone here is just under $9,000. The Court finds that around three times that figure or $30,000 is substantial enough but not more than necessary to compensate Plaintiff for the loss it suffered. Plus, the award is a significant expense for Defendants so they might think twice before they pull something like this again.

In the end, the Court finds that a statutory damages award of $30,000 is just, as it serves the purpose of compensating Plaintiff while sending a message to those who infringe protected works that it is costly to do so.

## ATTORNEYS' FEES AND COSTS

Plaintiff also requests $2,870.91 in attorneys' fees and costs. (*See* ECF Nos. 16 & 21.) And the Court may award attorneys' fees and costs to the prevailing party under the Copyright Act. 17 U.S.C. § 505. What is more, Plaintiff argues that fees and costs are warranted here

4

given that Defendants willfully infringed its design.  (ECF No. 16 at PageID 52.)  Plaintiff attaches a Declaration from Attorney Sarah Stuart detailing the hourly rates and hours billed and explaining that the fees and costs are reasonable.  (ECF No. 21.)  For good cause shown, the Court awards $2,870.91 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Court **AWARDS** $30,000 in statutory damages and $2,870.91 in attorneys' fees and costs.

**SO ORDERED**, this 19th day of July, 2021.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE